**JONATHAN W. BIRDT – SBN 183908**
Law Office of Jonathan W. Birdt
18252 Bermuda Street
Porter Ranch, CA 91326
Telephone:   (818) 400-4485
Facsimile:   (818) 428-1384
jon@jonbirdt.com
Attorney for Plaintiff Robert Thomson

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMSON, | CASE NO. 2:11-cv-06154-SJO-JC |
| Plaintiff, | SECOND AMENDED COMPLAINT FOR: |
| vs. | 1. SECOND AMENDMENT VIOLATION- 42 U.S.C. § 1983 |
| TORRANCE POLICE DEPARTMENT and THE LOS ANGELES COUNTY SHERIFFS DEPARTMENT, | JURY TRIAL DEMANDED |
| Defendants. | ATTORNEY FEES REQUESTED 42 U.S.C. § 1988 |

COMES NOW Plaintiff, Robert Thomson, pursuant to 42 U.S.C. § 1983 who alleges violation of his Second Amendment Rights by Defendants. Plaintiff is precluded from carrying a concealed firearm by the laws of the State of California unless he is granted permission to do so. As a resident of Los Angeles County and the City of Torrance, Plaintiff was required to apply for permission to exercise his Second Amendment Rights to Carry a concealed firearm, first from the Torrance Police Department and then from the Los Angeles County Sheriffs Department. Both Defendants denied Plaintiff permission, leaving him with no ability to exercise his Second Amendment Rights. Further, Plaintiff alleges that Defendants utilize a "Good Cause" policy implemented to overly restrict the exercise of Second Amendment rights without any reasonable basis for doing so. Plaintiff also seeks recovery pursuant to 42 U.S.C. § 1988.

## FACTUAL BACKGROUND

1. Plaintiff is a resident of Los Angeles County and the City of Torrance who has applied for and been denied a license to Carry a Concealed weapon from the Torrance Police Department and the Los Angeles county Sheriffs' Department in the past six months.

2. Plaintiff may only carry a concealed weapon with a permit to do so absent being in the course of an arrest, or waiting for Police to arrive after summoning them.

3. Plaintiff is employed as a licensed California Bail Agent.  While in the process of his Bail Agent duties Plaintiff sometimes has in his possession over $10,000 in cash, late at night in high crime areas. .

4. As a licensed Bail Agent, Plaintiff has passed multiple criminal background checks, and, as required by his license (P.C.1299), completed a course on powers of arrest approved by the Bureau of Security and Investigative Services.

5. Plaintiff has also taken and was licensed by the State of California to Carry an exposed firearm having completed the security guard exposed firearm training to receive an exposed firearm permit from the BSIS.

6. The State of California has declared that Plaintiff is of good moral character and has sufficient training to possess a loaded firearm outside of the home.

7. The California Legislature has passed Assembly Bill AB 144 which, unless vetoed, will go into effect January 1, 2012 and will make it a crime to openly carry an unloaded firearm in Los Angeles.

8. Plaintiff lives within 1,000 feet of a school and under California law, the only way Plaintiff can leave his home with a handgun is to secure it in a locked container absent a permit to carry concealed.

## THE PARTIES

9. Plaintiff is a natural person and citizen of the United States who resides in the County of Los Angeles and in the City of Torrance.

10. The Torrance Police Department is a municipal entity organized under the laws of the State of California.

11. The Los Angeles Sheriffs Department is a municipal entity organized under the laws of the State of California.

## JURISDICTION & VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 1983.

13. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## LEGAL BACKGROUND

14. California Penal Code § 12050 is the only mechanism in California by which a non-law enforcement official can carry a loaded firearm.

15. Defendants policies are an unconstitutional prior restraint on a fundamental personal liberty.

16. The Bill of Rights is the collective name for the first ten amendments to the United States Constitution, which limit the power of the U.S. federal government. These limitations serve to protect the natural rights of liberty and property including freedoms of religion, speech, a free press, free assembly, and free association, as well as the right to keep and bear arms.

17. The Second Amendment States: A well regulated militia being necessary to the security of a free State, the right of the People to keep and bear arms shall not be infringed.

18. The US Supreme Court Says:
> "Putting all of these textual elements together, we find that they guarantee the individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 128 S. Ct. 2783, at 2798 (2008).

19. The Supreme Court has explained that the natural meaning of "bear arms" is to "'wear, bear, or carry ...upon the person or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person.'" *Id*. at 2793 (quoting Muscarello v. United States, 524 U.S. 125, 143 (1998)).

20. The Ninth Circuit recently found, in a prior restraint case decided on a First Amendment claim that:

> Our analysis is guided by certain well-established principles of First Amendment law. In public places such as streets and sidewalks, "the State [may] enforce a content-based exclusion" on speech if the "regulation is necessary to serve a compelling state interest and that it is narrowly drawn to achieve that end." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45 (1983). For content-neutral regulations, the State may limit "the time, place, and manner of expression" if the regulations are "narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication." *Id.*

> We conclude that the Ordinance fails to satisfy the narrow tailoring element of the Supreme Court's "time, place, and manner" test. The Ordinance is not narrowly tailored because it regulates significantly more speech than is necessary to achieve the City's purpose of improving traffic safety and traffic flow at two major Redondo Beach intersections, and the City could have achieved these goals through less restrictive measures, such as the enforcement of existing traffic laws and regulations. Because the Ordinance does not constitute a reasonable regulation of the time, place, or manner of speaking, it is facially unconstitutional.
> *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach* (9th Cir., Sept. 16, 2011, 06-55750) 2011 WL 4336667.

21. Alternatively, the regulation fails because, it substantially burdens the right to keep and bear arms and is therefore subject to heightened scrutiny under the Second Amendment. *Nordyke v. King* (9th Cir. 2011) 644 F.3d 776, 786.

22. Torrance Police Department's Good Cause Policy states: The Police Department shall conduct an individualized assessment of each applicant for a CCW license, including a review of the standardized DOJ application, a background check, and an interview of the applicant. The Chief of Police shall issue a CCW license when, in his sole discretion, he determines there is good cause to do so and the applicant has met all of the other conditions set forth in California Penal Code section 12050. To establish good cause, an applicant must demonstrate more than a "generalized fear" for one's personal safety. Rather, the applicant must document that:

> (i) the applicant is dealing with circumstances that distinguish the applicant from other members of the public, in that there is a clear, present, and documented danger to the applicant, and
> (ii) there are no feasible alternative means of protection, either through existing law enforcement resources or under the provisions of California Penal Code section 12031, which carve out a number of exceptions that allow individuals to possess and carry firearms in public settings for self-defense and defense of property.

23. Torrance Police Department Defines Good Cause as requiring, an applicant to demonstrate that there is a clear, present, and documented danger to the applicant, and there are no feasible alternative means of protection.

24. Torrance Police Department provides the following example of Good Cause:

> where the applicant is a business owner who typically is forced to carry large sums of cash or valuable items in public <u>and</u> has been the victim of violent crime and/or the subject of documented, credible threats of violence.

SECOND AMENDED COMPLAINT - 4

25. Defendant LASD defines good cause as:

> "convincing evidence of a clear and present danger to life, or of great bodily harm to the applicant, his spouse, or dependent child, which cannot be adequately dealt with by existing law enforcement resources, and which danger cannot be reasonably avoided by alternative measures, and which danger would be significantly mitigated by the applicant's carrying of a concealed firearm."

## FIRST CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 1983

26. Defendants interpretation of Penal Code § 12050's requirements of (1) "good cause" beyond the interests of self-defense violates the Second and Fourteenth Amendments.

27. The United States Supreme Court has now made it clear that the Second Amendment guarantees the individual right to possess and carry weapons in case of confrontation.

28. Defendants Denial of Plaintiffs applications leaves him with no alternative means of exercising his Fundamental Constitutional Right to possess a Functional Firearm for the purposes of Self Defense.

## PRAYER FOR RELIEF

29. For an order that Defendants issue Plaintiff a Concealed Weapons Permit because "self-defense" is constitutionally sufficient good cause.

30. For general damages according to proof.

31. Costs and Attorneys' fees pursuant to 42 U.S.C. § 1988.

32. For costs, fees and any such other relief the Court deems just and proper.

November 4, 2011                                     ___/s/_____

Jonathan W. Birdt