TORRANCE CITY ATTORNEY'S OFFICE
John L. Fellows III (State Bar No. 103968)
City Attorney
jfellows@TorranceCA.gov
Della Thompson-Bell (State Bar No. 224846)
Deputy City Attorney
dthompsonbell@TorranceCA.Gov
3031 Torrance Boulevard
Torrance, CA 90503
Telephone: 310-618-5810
Facsimile: 310-618-5813

RUTAN & TUCKER, LLP
Robert S. Bower (State Bar No. 70234)
rbower@rutan.com
Ajit S. Thind (State Bar No. 268018)
athind@rutan.com
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendant
TORRANCE POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMSON, | Case No. CV11-06154 SJO (JCx) |
| Plaintiff, | **DEFENDANT TORRANCE POLICE DEPARTMENT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| vs. | |
| TORRANCE POLICE DEPARTMENT and THE LOS ANGELES COUNTY SHERIFFS DEPARTMENT, | Date Action Filed: July 26, 2011 |
| Defendants. | |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2637034.1 a12/02/11

DEFENDANT TORRANCE POLICE DEPARTMENT'S ANSWER TO
PLAINTIFF ROBERT THOMSON'S SECOND AMENDED COMPLAINT

Defendant TORRANCE POLICE DEPARTMENT ("Defendant") hereby answers the Second Amended Complaint ("Complaint") filed by Plaintiff ROBERT THOMSON ("Plaintiff") as follows:

## PREFATORY STATEMENT

Answering the prefatory statement on page 1 of the Complaint, Defendant admits that it denied Plaintiff's application under California Penal Code section 12050 for a concealed carry weapon ("CCW") permit. Except as expressly admitted herein, Defendant denies each and every allegation contained in the prefatory statement on page 1 of the Complaint both generally and specifically.

## FACTUAL BACKGROUND

1. In response to the allegations contained in Paragraph 1, Defendant admits that Plaintiff applied for a CCW permit from Defendant and was denied a CCW permit by Defendant on April 5, 2011. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2. In response to the allegations contained in Paragraph 2, Defendant affirmatively alleges that Plaintiff's allegations regarding his right to carry a concealed weapon constitute legal conclusions requiring no response, and that California law regarding the right to carry concealed weapons speaks for itself and is the best evidence as to its content. Based on those affirmative allegations, Defendant denies each and every allegation contained therein.

3. In response to the allegations contained in Paragraph 3, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. In response to the allegations contained in Paragraph 4, Defendant is without sufficient knowledge or information to form a belief as to the truth of the

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2637034.1 a12/02/11

-1-
DEFENDANT TORRANCE POLICE DEPARTMENT'S ANSWER TO
PLAINTIFF ROBERT THOMSON'S SECOND AMENDED COMPLAINT

allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. In response to the allegations contained in Paragraph 5, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. In response to the allegations contained in Paragraph 6, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7. In response to the allegations contained in Paragraph 7, Defendant admits that the California Legislature has passed Assembly Bill AB 144. Defendant affirmatively alleges that AB 144 speaks for itself and is the best evidence as to its content. Except as expressly admitted and affirmatively alleged herein, Defendant denies each and every allegation contained in paragraph 7 both generally and specifically.

8. In response to the allegations contained in Paragraph 8, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**PARTIES**

9. In response to the allegations contained in Paragraph 9, Defendant admits that Plaintiff is a natural person. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10. In response to the allegations contained in Paragraph 10, Defendant affirmatively alleges that the Torrance Police Department is a department of the City

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2637034.1 a12/02/11

-2-

DEFENDANT TORRANCE POLICE DEPARTMENT'S ANSWER TO
PLAINTIFF ROBERT THOMSON'S SECOND AMENDED COMPLAINT

1  of Torrance, which is a Charter City governed as a Council/Manager form of
2  government under the laws of the State of California. Except as expressly admitted
3  herein, Defendant denies each and every allegation contained in paragraph 10 both
4  generally and specifically.

5      11.    In response to the allegations contained in Paragraph 11, Defendant is
6  without sufficient knowledge or information to form a belief as to the truth of the
7  allegations contained in said paragraph, and on that basis denies each and every
8  allegation contained therein.

## JURISDICTION & VENUE

10     12.    In response to the allegations contained in Paragraph 12, Defendant
11 affirmatively alleges that this Court has jurisdiction over this action under 28 U.S.C.
12 section 1331 only if this action states a valid claim for relief under 42 U.S.C. section
13 1983. Except as expressly affirmatively alleged herein, Defendant denies each and
14 every allegation contained in paragraph 12 both generally and specifically.

15     13.    In response to the allegations contained in Paragraph 13, Defendant
16 admits the allegations contained therein.

## LEGAL BACKGROUND

18     14.    In response to the allegations contained in Paragraph 14, Defendant
19 denies each and every allegation contained therein both generally and specifically.

20     15.    In response to the allegations contained in Paragraph 15, Defendant
21 denies each and every allegation contained therein both generally and specifically.

22     16.    In response to the allegations contained in Paragraph 16, Defendant
23 admits that "the Bill of Rights" is the collective name for the first ten amendments
24 of the United States Constitution. Defendant affirmatively alleges that the Bill of
25 Rights speaks for itself and is the best evidence as to its content. Except as
26 expressly admitted and affirmatively alleged herein, Defendant denies each and
27 every allegation contained in paragraph 16 both generally and specifically.

28     17.    Defendant admits the allegations of Paragraph 17.

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2637034.1 a12/02/11

-3-

DEFENDANT TORRANCE POLICE DEPARTMENT'S ANSWER TO
PLAINTIFF ROBERT THOMSON'S SECOND AMENDED COMPLAINT

18. In response to the allegations contained in Paragraph 18, Defendant affirmatively alleges that the *District of Columbia v. Heller* opinion speaks for itself and is the best evidence as to its content. Except as expressly alleged herein, Defendant denies each and every allegation contained in Paragraph 18 both generally and specifically.

19. In response to the allegations contained in Paragraph 19, Defendant affirmatively alleges that the *District of Columbia v. Heller* opinion speaks for itself and is the best evidence as to its content. Except as expressly alleged herein, Defendant denies each and every allegation contained in paragraph 19 both generally and specifically.

20. In response to the allegations contained in Paragraph 20, Defendant affirmatively alleges that the *Comite de Jornalero de Redondo Beach v. City of Redondo Beach* case speaks for itself and is the best evidence as to its content. Except as expressly alleged herein, Defendant denies each and every allegation contained in paragraph 20 both generally and specifically.

21. In response to the allegations contained in Paragraph 21, Defendant denies each and every allegation contained therein both generally and specifically.

22. In response to the allegations contained in Paragraph 22, Defendant affirmatively alleges that Defendant's good cause policy speaks for itself and is the best evidence as to its content. Except as expressly alleged herein, Defendant denies each and every allegation contained in Paragraph 22 both generally and specifically.

23. In response to the allegations contained in Paragraph 23, Defendant affirmatively alleges that Defendant's good cause policy speaks for itself and is the best evidence as to its content. Except as expressly alleged herein, Defendant denies each and every allegation contained in Paragraph 23 both generally and specifically.

24. In response to the allegations contained in Paragraph 24, Defendant affirmatively alleges that Defendant's good cause policy speaks for itself and is the best evidence as to its content. Except as expressly alleged herein, Defendant denies

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2637034.1 a12/02/11

-4-

DEFENDANT TORRANCE POLICE DEPARTMENT'S ANSWER TO
PLAINTIFF ROBERT THOMSON'S SECOND AMENDED COMPLAINT

each and every allegation contained in Paragraph 24 both generally and specifically.

25. In response to the allegations contained in Paragraph 25, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein both generally and specifically.

## FIRST CAUSE OF ACTION

26. In response to the allegations contained in Paragraph 26, Defendant denies each and every allegation contained therein both generally and specifically.

27. In response to the allegations contained in Paragraph 27, Defendant denies each and every allegation contained therein both generally and specifically.

28. In response to the allegations contained in Paragraph 28, Defendant denies each and every allegation contained therein both generally and specifically.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

29. The Complaint and its one cause of action asserted therein fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

30. The relief sought by Plaintiff is barred to the extent he failed to take all necessary steps to mitigate any damages he allegedly suffered.

### THIRD AFFIRMATIVE DEFENSE

(No Constitutional Deprivation—Qualified Immunity)

31. Neither Defendant nor its employees or agents deprived Plaintiff of any clearly established constitutional or statutory rights of which Defendant or its employees or agents reasonably should have been or could have been aware. As such, Defendant is entitled to qualified immunity.

/

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2637034.1 a12/02/11

-5-
DEFENDANT TORRANCE POLICE DEPARTMENT'S ANSWER TO
PLAINTIFF ROBERT THOMSON'S SECOND AMENDED COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Sue Proper Party)

32. The relief sought by Plaintiff is barred to the extent he failed to sue the proper party.

## FIFTH AFFIRMATIVE DEFENSE

### (Ripeness)

33. Defendant alleges that Plaintiff is barred from pursuing this action to the extent Plaintiff's claims for relief are barred because they are not ripe for judicial review.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

34. Defendant is informed, believes and thereupon alleges that Plaintiff has failed to exhaust all applicable federal or state administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

35. The Complaint and each and every cause of action pled therein is barred due to the fact that Plaintiff lacks standing to sue Defendant for the claims alleged in the Complaint.


WHEREFORE, Defendant TORRANCE POLICE DEPARTMENT prays for judgment against Plaintiff ROBERT THOMSON as follows:

1. That Plaintiff take nothing by reason of his Complaint;

2. That judgment on the Complaint be entered in favor of Defendant;

3. That Defendant be awarded its costs of suit incurred as a result of this action;

4. That Defendant be awarded its attorneys' fees and litigation expenses as a result of this action; and

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2637034.1 a12/02/11

-6-

DEFENDANT TORRANCE POLICE DEPARTMENT'S ANSWER TO
PLAINTIFF ROBERT THOMSON'S SECOND AMENDED COMPLAINT

1      5. That the Court award such other and further relief as deemed just and
2  proper.

4  Dated: December 6, 2011

          RUTAN & TUCKER, LLP
          ROBERT S. BOWER
          AJIT S. THIND

By: _____
    Ajit S. Thind
    Attorneys for Defendant
    TORRANCE POLICE DEPARTMENT

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2637034.1 a12/02/11

-7-

DEFENDANT TORRANCE POLICE DEPARTMENT'S ANSWER TO
PLAINTIFF ROBERT THOMSON'S SECOND AMENDED COMPLAINT