1 | TORRANCE CITY ATTORNEY'S OFFICE
John L. Fellows III (State Bar No. 103968)
2 | City Attorney
jfellows@TorranceCA.gov
3 | Della Thompson-Bell (State Bar No. 224846)
Deputy City Attorney
4 | dthompsonbell@TorranceCA.Gov
3031 Torrance Boulevard
5 | Torrance, CA 90503
Telephone: 310-618-5810
6 | Facsimile: 310-618-5813

7 | RUTAN & TUCKER, LLP
Robert S. Bower (State Bar No. 70234)
8 | rbower@rutan.com
Ajit S. Thind (State Bar No. 268018)
9 | athind@rutan.com
611 Anton Boulevard, Fourteenth Floor
10 | Costa Mesa, California 92626-1931
Telephone: 714-641-5100
11 | Facsimile: 714-546-9035

12 | Attorneys for Defendant
TORRANCE POLICE DEPARTMENT

13

14 | UNITED STATES DISTRICT COURT

15 | CENTRAL DISTRICT OF CALIFORNIA

16

17 | ROBERT THOMSON,

18 |          Plaintiff,

19 | vs.

20

21 | TORRANCE POLICE DEPARTMENT
and THE LOS ANGELES COUNTY
22 | SHERIFFS DEPARTMENT,

23 |          Defendants.

24

25

26

27

28

Case No. CV11-06154 SJO (JCx)
Date Action Filed: July 26, 2011

Assigned to:
U.S. District Judge S. James Otero

**DECLARATION OF CHIEF OF POLICE JOHN NEU IN SUPPORT OF DEFENDANT TORRANCE POLICE DEPARTMENT'S MOTION FOR SUMMARY JUDGMENT (FRCP 56)**

| | |
|---|---|
| **Date:** | **February 27, 2012** |
| **Time:** | **10:00 a.m.** |
| **Courtroom:** | **1- 2nd Floor** |
| **Location:** | **Spring Street** |

102/062579-0097
2698207.3 a12/19/11

**DECLARATION OF JOHN NEU**

I, John Neu, declare as follows:

1.     I am the Chief of Police of the Torrance Police Department, City of Torrance, California ("City").  The following facts are within my personal knowledge and if called as a witness, I could and would competently testify thereto.

2.     A true and correct copy of the City's Good Cause Policy for Carry Concealed Weapons ("CCW") Licenses, consisting of three pages, that was in effect during all times pertinent to this litigation is attached hereto as Exhibit A.

3.     The Good Cause Policy is designed to maintain public safety, prevent gun-related crime and the death of citizens, reduce the incidence of unlawful public shootings, reduce the number of concealed weapons in public in order to reduce the risks to other members of the public who use the streets and go to public accommodations, and ensure that police officers can safely respond to dangerous situations.  The existence of a hidden loaded weapon poses a particularly serious danger to police officers when they investigate crimes and may be unaware of such a weapon.

4.     The Good Cause Policy is designed to differentiate between applicants that have a bona fide need for a CCW, as opposed to those that do not.

5.     On December 19, 2008, Plaintiff Robert Thomson ("Plaintiff") submitted his first CCW license application to the City ("First Application").  Pursuant to Department policy and my direction, over the next few months a thorough investigation was conducted by the Department based on Plaintiff's First Application, and Plaintiff was personally interviewed.  A true and correct copy of the Department's files concerning that investigation and interview is attached hereto as Exhibit B.

6.     On April 1, 2009, I denied Plaintiff's First Application based on the fact that he had failed to establish good cause for its issuance.  Although Plaintiff had some generalized security concerns for his safety because of his occupation as a

1 Bail Agent, there were no documented specific threats directed at Plaintiff, and there
2 was no evidence that the local police agencies could not assist Plaintiff with any
3 future problems that may arise. Nor did Plaintiff have any safety concerns centered
4 geographically in the City of Torrance. Plaintiff has never filed a legal challenge to
5 the denial of his First Application.

6    7.    Two years to the date after submitting his First Application to the City,
7 Plaintiff submitted his second CCW license application to the City on December 19,
8 2010 ("Second Application"). Pursuant to Department policy and my direction,
9 over the next few months another thorough investigation was conducted by the
10 Department based on Plaintiff's Second Application, and Plaintiff was again
11 personally interviewed. A true and correct copy of the Department's files
12 concerning Plaintiff's Second Application investigation and interview is attached
13 hereto as Exhibit C.

14    8.    On April 5, 2011, I denied Plaintiff's Second Application. It is this
15 denial that is the subject of Plaintiff's lawsuit. The denial of Plaintiff's Second
16 Application was again based on the fact that Plaintiff had failed to establish good
17 cause for its issuance. Specifically, Plaintiff's personal and employment
18 information had not changed since his First Application, except that he now claimed
19 to be operating his business out of commercial office space rather than his residence.
20 Plaintiff recounted only one incident in addition to the grounds he had set forth in
21 his First Application as justification for a license. That new incident actually did not
22 involve Plaintiff's job - rather, it involved his wife, who works in real estate. While
23 assisting her in changing the lock at a unit in a residential complex located in the
24 City of Los Angeles, Plaintiff was allegedly confronted by the former tenants of the
25 unit and some other tenants who threatened Plaintiff with physical harm and threw
26 household items at him. Plaintiff contacted the LAPD, and the change of lock was
27 thereafter completed without incident.

28    9.    In both of his applications Plaintiff admitted that: (a) he had never

1 been threatened within the jurisdiction of the TPD; (b) he had no security concerns
2 within the jurisdiction of the TPD; (c) he had never been physically assaulted or
3 robbed during the course of his employment in any jurisdiction; (d) he had never
4 had to file a report with any police agency regarding threats made against him or his
5 family; (e) he evaluates every bail bond with safety in mind, and if he believes there
6 is any type of risk, he refuses to take the case; and (f) his concerns were with the
7 "unforeseen" and "what ifs" that went along with his job. Again, although Plaintiff
8 professed some generalized security concerns for his safety because of his
9 occupation as a Bail Agent, there were no documented specific threats directed at
10 Plaintiff, and there was no evidence that the local police agencies could not assist
11 Plaintiff with any future problems that may arise. Nor did Plaintiff have any safety
12 concerns centered geographically in the City of Torrance. Finally, it was also
13 apparent that Plaintiff had alternative means of defending himself under California's
14 weapons laws other than carrying a concealed weapon. Because Plaintiff was not
15 subject to any specific, credible threats, I ultimately determined that Plaintiff had
16 failed to demonstrate good cause for a CCW license, and I denied Plaintiff's Second
17 Application on April 5, 2011.

18     Executed on this 2\ day of December, 2011, at Torrance, California.

19     I declare under penalty of perjury under the laws of the United States of
20 America that the foregoing is true and correct.

21

22                               John Neu

23

24

25

26

27

28