TORRANCE CITY ATTORNEY'S OFFICE
John L. Fellows III (State Bar No. 103968)
City Attorney
jfellows@TorranceCA.gov
Della Thompson-Bell (State Bar No. 224846)
Deputy City Attorney
dthompsonbell@TorranceCA.Gov
3031 Torrance Boulevard
Torrance, CA 90503
Telephone: 310-618-5810
Facsimile: 310-618-5813

RUTAN & TUCKER, LLP
Robert S. Bower (State Bar No. 70234)
rbower@rutan.com
Ajit S. Thind (State Bar No. 268018)
athind@rutan.com
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendant
TORRANCE POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TORRANCE POLICE DEPARTMENT and THE LOS ANGELES COUNTY SHERIFFS DEPARTMENT,<br>　　　　Defendants. | Case No. CV11-06154 SJO (JCx)<br>Date Action Filed: July 26, 2011<br><br>Assigned to:<br>U.S. District Judge S. James Otero<br><br>**DEFENDANT TORRANCE POLICE DEPARTMENT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Date:　　　　February 27, 2012<br>Time:　　　　10:00 a.m.<br>Courtroom:　　1-2nd Floor<br>Location:　　　Spring Street |

Pursuant to Central District of California Rule 56-1, Defendant Torrance Police Department ("TPD") respectfully submits the following "Separate Statement of Uncontroverted Facts and Conclusions of Law" in support of its Motion for Summary Judgment:

## UNCONTROVERTED FACTS

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1.  A true copy of the TPD's "good cause" policy for issuing a CCW license is attached to Chief Neu's declaration as Exhibit A. | Declaration of Chief of Police John Neu filed concurrently herewith ("Neu Decl."), ¶ 2, Ex. A. |
| 2.  Plaintiff submitted his first application to the TPD for a CCW license on December 19, 2008 ("First Application"). A true copy of the First Application is attached to Chief Neu's declaration as Exhibit B. | Neu Decl., ¶ 5, Ex. B. |
| 3.  In his First Application, Plaintiff claimed (i) to be a licensed California Bail Agent residing in the City of Torrance; (ii) that due to his job, he sometimes had over $10,000 in cash in his possession late at night in high crime areas; (iii) he had passed multiple criminal background checks, and had completed a course on powers of arrest provided by the Bureau of Security and Investigative Services; (iv) that on one | Neu Decl., ¶ 5, Ex. B, pp. 9-11, 26, 28, 29. |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| occasion, while meeting a client's family, a man answered the door holding a firearm; and (v) that on another occasion, he needed the assistance of the Los Angeles Sheriff's Norwalk Station to help him arrest a subject who had a bail warrant. In neither incident was Plaintiff assaulted, and he did not file a police report in either incident. | |
| 4. Plaintiff's First Application was denied by the TPD on April 1, 2009, based on Plaintiff's failure to demonstrate "good cause" under the TPD's "good cause" policy because there were no documented specific threats directed at Plaintiff, and there was no evidence that local police agencies could not assist Plaintiff with any problems that might arise while Plaintiff performed his work as a bail agent. | Neu Decl., ¶ 6, Ex. B at pp. 8-11. |
| 5. Plaintiff submitted his second application to the TPD for a CCW license on December 19, 2010 ("Second Application"). A true copy of | Neu Decl., ¶ 7, Ex. C. |

| | **UNCONTROVERTED FACT** | **SUPPORTING EVIDENCE** |
|---|---|---|
| | the Second Application is attached to Chief Neu's declaration as Exhibit C. | |
| | 6. In his Second Application, Plaintiff recounted only one incident in addition to the grounds he had set forth in his first application as justification for a license. That new incident actually did not involve Plaintiff's job - rather, it involved his wife's, who works in real estate. While assisting her in changing the lock at a unit in a residential complex located in the City of Los Angeles, Plaintiff was allegedly confronted by the former tenants of the unit and some other tenants who threatened Plaintiff with physical harm and threw household items at him. Plaintiff contacted the LAPD, and the change of lock was thereafter completed without incident. | Neu Decl., Ex. C, pp. 56, 73. |
| | 7. Plaintiff's Second Application was denied by the TPD on April 5, 2011, based on Plaintiff's failure to demonstrate "good cause" under the TPD's "good cause" policy because (i) Plaintiff recounted only one | Neu Decl., ¶¶ 8, 9, Ex. C, at pp. 53, 57. |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| incident in addition to the grounds he had set forth in his First Application as justification for a CCW license, (ii) there were no documented specific threats directed at Plaintiff, and (iii) there was no evidence that local police agencies could not assist Plaintiff with any problems that might arise while Plaintiff performed his work as a bail agent. | |
| 8.   In his CCW applications, Plaintiff admitted that:<br>• he had never been threatened within the jurisdiction of the TPD;<br>• he had no security concerns within the jurisdiction of the TPD;<br>• he had never been physically assaulted or robbed during the course of his employment in any jurisdiction;<br>• he had never had to file a report with any police agency regarding threats made against him or his family; | Neu Decl., ¶ 9; Ex. B, pp. 10-11, 29; Ex. C, pp. 56-57, 73. |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| • he evaluates every bail bond with safety in mind, and if he believes there is any type of risk, he refuses to take the case; and<br>• his concerns were with the "unforeseen" and "what ifs" that went along with his job. | |

## THE TPD'S PROPOSED CONCLUSIONS OF LAW AND PROPOSED JUDGMENT

Based on the foregoing Uncontroverted Facts, the TPD submits that certain Conclusions of Law should be made as respectively set forth below:

1. There is no Second Amendment right to carry a concealed handgun in public.

2. Even if the Second Amendment could be plausibly read to protect a right to a CCW license, the TPD's Policy does not burden that right, and thus it is reviewed under the rational basis test. The Policy passes constitutional muster because it is reasonably related to a legitimate governmental interest.

3. Even if the TPD's Policy burdened Plaintiff's rights, and thus is reviewed under heightened scrutiny, it passes constitutional muster because the Policy is substantially related to important government interests.

4. Plaintiff is entitled to nothing under his Complaint.

5. Judgment shall be entered in Defendant TPD's favor.

## THE TPD'S PROPOSED JUDGMENT

After consideration of the papers in support of and in opposition to the cross-motions for summary judgment and the argument of counsel, this Court orders

1 | summary judgment in favor of Defendant TPD.

Dated: January 3, 2012

Respectfully Submitted,

RUTAN & TUCKER, LLP

By: _____
Ajit S. Thind
Attorneys for The Torrance Police Department