TORRANCE CITY ATTORNEY'S OFFICE
John L. Fellows III (State Bar No. 103968)
City Attorney
jfellows@TorranceCA.gov
Della Thompson-Bell (State Bar No. 224846)
Deputy City Attorney
dthompsonbell@TorranceCA.Gov
3031 Torrance Boulevard
Torrance, CA 90503
Telephone:  310-618-5810
Facsimile:   310-618-5813

RUTAN & TUCKER, LLP
Robert S. Bower (State Bar No. 70234)
rbower@rutan.com
Ajit S. Thind (State Bar No. 268018)
athind@rutan.com
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone:  714-641-5100
Facsimile:   714-546-9035

Attorneys for Defendant
TORRANCE POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMSON,<br><br>Plaintiff,<br><br>vs.<br><br>TORRANCE POLICE DEPARTMENT and THE LOS ANGELES COUNTY SHERIFFS DEPARTMENT,<br><br>Defendants. | Case No. CV11-06154 SJO (JCx)<br>Date Action Filed: July 26, 2011<br><br>Assigned to:<br>U.S. District Judge S. James Otero<br><br>**DEFENDANT TORRANCE POLICE DEPARTMENT'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS**<br><br>[Filed Concurrently With Torrance Police Department's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Summary Judgment and Declaration of Ajit Singh Thind]<br><br>Motion Hearing Date:  Feb. 27, 2012<br>Time:                             10:00 a.m.<br>Courtroom:                    1- 2nd Floor<br>Location:                       Spring Street |

## TPD'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT.

Pursuant to Local Rule 56-2 of the Central District Court, Defendant TORRANCE POLICE DEPARTMENT ( "TPD") hereby submits this Statement of Genuine Disputes in response to Plaintiff ROBERT THOMSON'S ("Plaintiff") Separate Statement of Undisputed Facts Lodged Concurrently with Motion for Summary Judgment:

In this Statement, TPD responds to each of the "undisputed material facts" identified in Plaintiff's Separate Statement of Undisputed Facts:

## TPD'S RESPONSES TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACT

| UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | RESPONSE IN OPPOSITION |
|---|---|
| 1. The California Legislative scheme requires a CCW Permit to enable Plaintiff to possess a functional firearm for self-defense purposes outside of the home. (Penal Codes 26350 (Open Carry), 12031 (Loaded) & 12025 (Concealed).) | This is not a "fact," but rather is a legal conclusion, as demonstrated by Plaintiff's statutory citations. The legal conclusion is also incomplete and incorrect, and is disputed as detailed in TPD's Motion for Summary Judgment and TPD's Opposition to Plaintiff's Motion for Summary Judgment. The California Legislative scheme provides for a variety of scenarios where Plaintiff may carry a handgun for self-defense outside of his home without a CCW. This was true |

| UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | RESPONSE IN OPPOSITION |
|---|---|
| | both when Plaintiff's application was denied by TPD in April 2011 and currently.<br><br>Plaintiff's statement is also irrelevant as it refers to statutes that were not effective when TPD denied Plaintiff's CCW application.<br><br>TPD also objects to the statement as argumentative. |
| 2. Plaintiff applied with the Torrance Police Department (TPD) and Los Angeles County Sheriff's (LASD) Department for a permit to carry a concealed weapon pursuant to Cal. Pen. Code Section 12050. Plaintiff was denied a permit because he did not meet the Good Cause Policy of either Department. (Stipulated facts from Joint Report of Counsel.) | Undisputed. |
| 3. Defendants require documentation of | Undisputed, but incomplete. To |

2465/062579-0097
2859804.1 a02/03/12

-2-

Case No. CV11-06154 SJO (JCx)
TPD'S STATEMENT OF GENUINE DISPUTES

| UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | RESPONSE IN OPPOSITION |
|---|---|
| a Clear and Present Danger to the applicant before they will issue a CCW Permit. (Defendants Initial Disclosures.) | establish good cause, TPD's policy not only requires that the applicant is dealing with circumstances that distinguish the applicant from other members of the public, in that there is a clear, present, and documented danger to the applicant, but also requires that an applicant demonstrate that there are no feasible alternative means of protection, either through existing law enforcement resources or under the provisions of California Penal Code section 12031, which carve out a number of exceptions that allow individuals to possess and carry firearms in public settings for self-defense and defense of property. (Neu Decl. ¶¶ 2, 9, and Ex. A.) |

Dated: February 3, 2012

RUTAN & TUCKER, LLP
ROBERT S. BOWER
AJIT S. THIND

By: /s/ Ajit S. Thind
Ajit S. Thind
Attorneys for Defendant
TORRANCE POLICE DEPARTMENT

Case No. CV11-06154 SJO (JCx)
TPD'S STATEMENT OF GENUINE DISPUTES

2465/062579-0097
2859804.1 a02/03/12

-3-