**JONATHAN W. BIRDT – SBN 183908**        e-filed _____
**Law Office of Jonathan W. Birdt**
18252 Bermuda Street
Porter Ranch, CA 91326
Telephone:   (818) 400-4485
Facsimile:    (818) 428-1384
jon@jonbirdt.com
Attorney for Plaintiff Robert Thomson

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMSON, ) | **CASE NO. 2:11-cv-06154-SJO-JC** |
| ) | |
| Plaintiff, ) | **REPLY BRIEF RE PLAINTIFF'S** |
| ) | **MOTION FOR SUMMARY JUDGMENT** |
| vs. ) | |
| ) | |
| TORRANCE POLICE DEPARTMENT and ) | |
| THE LOS ANGELES COUNTY SHERIFFS ) | DATE: February 27, 2012 |
| DEPARTMENT, ) | TIME: 10:00 a.m. |
| ) | HON.: Judge S. James Otero |
| Defendants. ) | |
| ) | |
| _____ ) | |

Public safety concerns may justify permissible regulations of protected activities, but the Constitution does not permit fundamental civil rights to be abridged by public safety fears. See, e.g., Near v. Minnesota, 283 U.S. 697, 721-22 (1931). Despite this maxim, defendants do just that, arguing that public safety alone is their sole basis for infringing upon a Fundamental Right.

REPLY RE MOTION FOR SUMMARY JUDGMENT-    PAGE- 1    CASE NO.2:11-cv-06154-SJO-JC

This case is not about the public safety concerns related to gang members with guns, it is about law abiding citizens challenging the regulation of a protected activity with arbitrary and discretionary criteria not supported by any credible evidence.  Contrary to Defendants beliefs, they are no less free to restrict speech they fear is dangerous than they are the Rights of Citizens to keep and bear arms for self-defense.

Defendants have a policy of restricting access to concealed weapon permits because of their belief that more guns equal more crime, and in support offer the declaration of Mr. Zimring who states the obvious: guns are dangerous. Defendants however ignore a significant distinction regarding their fear of concealed weapons.  Carrying a concealed weapon in Los Angeles County is a crime and the District Attorney charges it as a Felony.  Law enforcement has a significant right and responsibility to enforce the law and eliminate the illegal carrying of concealed weapons.  To that extent, Plaintiff agrees with the opposition, but that has nothing to do with this case, which is about permits, not gang members.

This case is about the only method for LEGALLY carrying a weapon in order to exercise the protected right to carry a weapon for self-defense as recognized by the Second Amendment and the California legislature. Constitutional jurisprudence and Fundamental Rights analysis requires something more than a stated fear of guns, otherwise, the government could regulate other protected rights, like speech, based upon a stated fear; a nexus or relationship between the restriction of the protected right and public policy goal is required and the government bears that burden of proof and here the only "proof" they have provided is a fear that guns are dangerous, with no effort to explain how their policy has the effect of reducing violence.  Inherent in any nexus is a cause and effect relationship.

In a First Amendment context, using intermediate scrutiny and interpreting the rationale set forth in *City of Los Angeles v. Alameda Books, Inc.*, (2002) 535 U.S. 425, the Seventh Circuit held:

> [...] [B]ecause books (even of the "adult" variety) have a constitutional status different from granola and wine, and laws requiring the closure of bookstores at night and on Sunday are likely to curtail sales, the public benefits of the restrictions must be established by evidence, and not just asserted. The evidence need not be local; Indianapolis is entitled to rely on findings from Milwaukee or Memphis (provided that a suitable effort is made to control for other variables). See *Andy's Restaurant*, 466 F.3d at 554-55. **But there must be evidence; lawyers' talk is insufficient.** (Emphasis added.)
> *Annex Books v. City of Indianapolis*, 581 F.3d 460, 463 (7th Cir. 2009)

Defendants focus on the illegal carrying of a concealed weapons and Mr. Zimring never even mentions concealed weapon permit holders or how the restrictive policy furthers any governmental interest, except to say that gang members might get a permit. Defendants have not offered a shred of evidence to support their belief that their policy has the result they purport to seek:

> Q. Can you provide any support for how your policy of drastically restricting the issuance of CCW permits prevents violence?
> A. I -- I think just the -- putting more guns on the street, I think could clearly create much more violence in the County of Los Angeles, and I think we need to restrict the number of weapons that are available on the streets legally.
> Q. Last year, how many weapons were stolen from permit holders outside of their home?
> ….
> A. I don't know.  Deposition of Larry Waldie Page 25 Line 13-25
> Q   How does your restrictive policy regarding CCW's protect against gun violence in the community at large?
> ….
> A. Basically, restricting the number of weapons that possibly could get on the street and lead to violent and inappropriate manner.
> Deposition of Undersheriff Waldie at page 32, line 22 to page 33 line 4.

The reality is that Mr. Zimring is correct, gang members with guns are bad, but the issue in this case is law abiding citizens who, after proper training and background checks, seek to exercise their Fundamental Rights in the only way permitted by California law, with a permit.

1  The undisputed expert testimony from Mr. Mudgett is that the government's
2  interest in reducing crime and decreasing violence is furthered by granting CCW
3  permits, not restricting them, a fact the government has never even attempted to
4  rebut.  Neither Mr. Zimring, nor Mr. Tanaka, at any time relate their policy of
5  restricting the protected rights of law abiding citizens to reducing gang violence,
6  and in fact, Mr. Tanaka's predecessor admitted he would never issue a CCW to a
7  gang member, thus vitiating the entire declaration of Mr. Zimring and leaving
8  defendants with the untenable argument that public safety justifies their
9  infringement of Plaintiff's Fundamental Rights:

> Q   Do gang members ever apply for CCW permits from you?
> A   They may.  I do not know.
> Q   Have you ever issued a permit to a gang member?
> A   Not to my awareness.
> Q   Would you?
> A   Well, if he fell within the confines of the law and there was no criminal record.
> When you say "gang member," obviously he has criminal background and DOJ wouldn't allow us to issue to that person.  That would probably not, you know, stop them, but they could certainly apply.  And -- but he wouldn't meet the criteria probably, and it would never reach my desk.
> ….
> A   I'd be kind of prone not to want to do that if they were listed in Cal Gangs as a gang member. Page 34 line 8 to page 35 line 1.

In contrast to absence of any relationship or nexus between the stated governmental interest and the Right being restricted, Plaintiff's expert testifies:

> It is my opinion, based upon my education, training, and experience and being intimately familiar with firearms research, regulation, publications and studies, that there is no correlation between the issuance of CCW permits and unlawful violence.  In fact as a retired law enforcement officer, it has been my experience that criminals do not seek out training or licensing for the purpose of carrying concealed weapons, and CCW permit holders are not in any way likely to increase crime or violence, and among the gun owning population are safer and more likely to reduce the accident rate because of their increased training and awareness.  What facts I am aware of indicate that armed and trained citizens reduce crime by their very existence, as criminals do not know which citizens are in fact armed.  Mudgett Declaration at Paragraph 8.

To "bear arms," as used in the Second Amendment, is to "wear, bear, or carry . . . upon the person or in the clothing or in a pocket, for the purpose . . . of being armed and ready for offensive or defensive action in a case of conflict with another person." <u>District of Columbia v. Heller</u> (2008) 128 S. Ct. 2783, 2793 . "[T]he core right identified in Heller [is] the right of a law-abiding, responsible citizen to possess and carry a weapon for self-defense." <u>United States v. Chester</u> (2010) 628 F.3d 673.

February 6, 2012              ___/s/_____
                              Jonathan W. Birdt, Esq.