1  TORRANCE CITY ATTORNEY'S OFFICE
   John L. Fellows III (State Bar No. 103968)
2  City Attorney
   jfellows@TorranceCA.gov
3  Della Thompson-Bell (State Bar No. 224846)
   Deputy City Attorney
4  dthompsonbell@TorranceCA.Gov
   3031 Torrance Boulevard
5  Torrance, CA 90503
   Telephone:  310-618-5810
6  Facsimile:   310-618-5813

7  RUTAN & TUCKER, LLP
   Robert S. Bower (State Bar No. 70234)
8  rbower@rutan.com
   Ajit S. Thind (State Bar No. 268018)
9  athind@rutan.com
   611 Anton Boulevard, Fourteenth Floor
10 Costa Mesa, California 92626-1931
   Telephone:  714-641-5100
11 Facsimile:   714-546-9035

12 Attorneys for Defendant
   TORRANCE POLICE DEPARTMENT

13

14            UNITED STATES DISTRICT COURT

15            CENTRAL DISTRICT OF CALIFORNIA

16

17 ROBERT THOMSON,                    Case No. CV11-06154 SJO (JCx)
                                      Date Action Filed:  July 26, 2011
18            Plaintiff,
                                      Assigned to:
19    vs.                             U.S. District Judge S. James Otero

20 TORRANCE POLICE DEPARTMENT         DEFENDANT TORRANCE POLICE
   and THE LOS ANGELES COUNTY         DEPARTMENT'S REPLY TO
21 SHERIFFS DEPARTMENT,               PLAINTIFF'S OPPOSITION TO
            Defendants.               TORRANCE POLICE
22                                    DEPARTMENT'S MOTION FOR
                                      SUMMARY JUDGMENT
23
                                      Motion Hearing Date:  Feb. 27, 2012
24                                    Time:                 10:00 a.m.
                                      Courtroom:            1- 2nd Floor
25                                    Location:             Spring Street

26

27

28

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2921242.2 a02/08/12

Case No. CV11-06154 SJO (JCx)
TPD'S REPLY TO THOMSON'S OPPOSITION

1    Plaintiff argues TPD is not entitled to judgment because he has a fundamental

2  right to bear arms outside the home, and claims that TPD's good cause policy

3  should be evaluated under First Amendment "prior restraint" cases.  Plaintiff not

4  only fails to cite a single authority that would support either of those arguments, but

5  he fails to distinguish the plethora of authority cited by the TPD holding (i) there is

6  no fundamental right to carry a concealed handgun in public, and (ii) there is no

7  reason to analogize rights under the Second Amendment to those under the First.[1]

8    **1.    There Is No Fundamental Right To Carry A Handgun In Public.**

9    Plaintiff insists the <u>Heller</u> case established a fundamental right to bear arms

10  outside the home.  Not so.  The Court's holding was quite narrow:  "[W]e hold that

11  the District's ban on handgun possession **in the home** violates the Second

12  Amendment, as does its prohibition against rendering any lawful firearm **in the**

13  **home** operable for the purpose of immediate self-defense."  (554 U.S. at 635

14  (emphasis added).)  While declining to expound fully on the scope of the Second

15  Amendment, the Court "warns readers not to treat <u>Heller</u> as containing broader

16  holdings than the Court set out to establish:  that the Second Amendment creates

17  individual rights, one of which is keeping operable handguns **at home** for self-

18  defense."  (<u>United States v. Skoien</u> (7th Cir. 2010) 614 F.3d 638, 640.)  Indeed, the

19  <u>Heller</u> Court explained that the Second Amendment right is "not unlimited," is not a

20  "right to keep and carry any weapon whatsoever in any manner whatsoever and for

21  whatever purpose," and that "the majority of the 19th-century courts to consider the

22  question held that prohibitions on carrying concealed weapons were lawful under

23  the Second Amendment or state analogues."  (554 U.S. at 626.)

24  _____

[1]    Plaintiff confuses the issue by asserting he has never argued that he has a

25  fundamental right to a CCW license.  Instead, he claims the Second Amendment
    protects his "fundamental right to 'carry' and there is only one way to 'carry' in

26  California – concealed."  (Oppo., 2:15-16, 23-26; 6:15-18.)  Plaintiff's claim is
    simply incorrect, as there are several alternative methods of self-defense in addition

27  to a CCW license.  (<u>See, e.g.</u>, Cal. Pen. Code §§ 26035, 26050, 26045(a), 16840(b)
    [formerly §§ 12031(h), (j)(1), (k), and (g)] [allowing the carrying of a loaded

28  weapon at one's place of business, or the open-carry of a firearm while making an
    arrest or if in immediate danger].)

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2921242.2 a02/08/12

-1-

Case No. CV11-06154 SJO (JCx)
TPD'S REPLY TO THOMSON'S OPPOSITION

1    Plaintiff asserts <u>Heller</u> created a broader Second Amendment right based on

2  the Court's textual analysis of the phrase "keep and bear arms," where the Court

3  stated that the phrase should be read as including carrying for the purpose of being

4  ready for defensive action in case of conflict with another person.  (<u>Heller</u>, 554 U.S.

5  at 584.)  That argument was expressly rejected in <u>Kachalsky v. Cacace</u> (S.D. N.Y.

6  2011) 2011 U.S. Dist. *LEXIS* 99837, where the court held that <u>Heller's</u> textual

7  interpretation was provided solely to support its main holding that the Second

8  Amendment gives rise to an individual right, and should not be expanded because

9  such a reading overlooks the opinion's pervasive limiting language.  (<u>Id.</u> at *70-*71;

10  <u>accord</u> <u>People v. Dawson</u> (2010) 403 Ill.App.3d 499, 934 N.E.2d 598, 605, 343 Ill.

11  Dec. 274 ["The specific limitations in *Heller* and *McDonald* applying only to a ban

12  on handgun possession **in a home** cannot be overcome by defendant's pointing to

13  the *Heller* majority's discussion of the natural meaning of 'bear arms' including

14  wearing or carrying upon the person or in clothing."].)

15    In short, Plaintiff's claim that he has a fundamental right to carry a concealed

16  weapon in public for self-defense has been overwhelmingly rejected by the courts.

17    **2.    Firearms May Be Used For Immediate Self-Defense Purposes.**

18    As stated, Plaintiff does not even attempt to distinguish most of the authorities

19  cited by the TPD which explain why <u>Heller</u> did not create a fundamental right to

20  carry a weapon in public, and why the TPD's good cause policy should be upheld.

21  Plaintiff attempts to distinguish only <u>Peruta v. County of San Diego</u> (S.D.Cal. 2010)

22  758 F.Supp.2d 1106 and <u>Richards v. County of Yolo</u> (E.D.Cal. 2011) 2011 U.S.

23  Dist. *LEXIS* 51906.  Plaintiff argues these cases are inapposite because:  (i) they

24  "were decided based on the ability of the plaintiff to open carry, a right that no

25  longer exists due to the passage of AB 144;" and (ii) "neither case is citable as both

26  cases have been stayed pending an *en banc* review in the current <u>Nordyke</u> matter.

27  <u>Nordyke v. King,</u> No. 07-15763, 2011 WL 5928130 (9th Cir. Nov. 28, 2011)

28  (granting rehearing en banc)."  (Oppo., 5:20-26.)  Plaintiff is wrong on both counts.

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2921242.2 a02/08/12

Case No. CV11-06154 SJO (JCx)
TPD'S REPLY TO THOMSON'S OPPOSITION

-2-

1    First, neither <u>Peruta</u> nor <u>Richards</u> has been stayed, and both are citable.  The

2  Ninth Circuit's order cited by Plaintiff states only that the three-judge panel opinion

3  **in <u>Nordyke</u>** shall not be cited as precedent by or to any court of the Ninth Circuit.

4  (2011 WL 5928130 at *3.)  The TPD has not cited or relied on <u>Nordyke</u>.

5    More importantly, contrary to Plaintiff's assertion, neither <u>Peruta</u> nor

6  <u>Richards</u> relied solely on the plaintiffs' ability to open carry.  Indeed, in both cases

7  the court cited to several exceptions to the need for a CCW license, including the

8  one which permits loaded open carry by a person who reasonably believes that the

9  person or property of himself or herself or of another is in immediate, grave danger

10  and that the carrying of the weapon is necessary for the preservation of that person

11  or property.  (<u>Peruta</u>, 758 F.Supp.2d at 1113; <u>Richards</u>, 2011 U.S. Dist. *LEXIS*

12  51906, at *12.)  The enactment of AB 144 did nothing to undercut that exception.

13    Thus, even if AB 144 is considered, which it should not be because it was not

14  effective until *after* the TPD's decision, it avails Plaintiff nothing, as it changes very

15  little regarding the alternative means of self-defense that existed when the TPD

16  made its decision.  Specifically, new <u>California Penal Code</u> section 26350, merely

17  prohibits the **unqualified** open-carry of unloaded handguns.  It does **not** prohibit

18  carrying a loaded weapon at one's place of business, or the open-carry of a firearm

19  while making an arrest or if in immediate danger.  Nor does section 26350 apply to

20  the carrying of an unloaded handgun if it is carried in the locked trunk of a vehicle

21  or elsewhere in a locked container.  (<u>Cal. Pen. Code</u> §§ 26389, 26045(a).)  Thus,

22  even now the open carrying of handguns, loaded or unloaded, is still permitted for

23  immediate self-defense purposes, along with dozens of other legitimate exceptions.

24    **3.    The TPD Policy Promotes Important Public Interests.**

25    Unlike possession in the home, carrying concealed firearms in public presents

26  a "recognized threat to public order," and "poses an imminent threat to public

27  safety." (<u>Yarbrough</u>, 169 Cal.App.4th at 313-314; <u>see</u> <u>McDonald v. City of Chicago</u>

28  (2010) 130 S.Ct. 3020, 3105, 177 L.Ed.2d 894 (Stevens, J., dissenting) ["firearms

Rutan & Tucker, LLP
*attorneys at law*

2465/062579-0097
2921242.2 a02/08/12

-3-

Case No. CV11-06154 SJO (JCx)
TPD'S REPLY TO THOMSON'S OPPOSITION

1   kept inside the home generally pose a lesser threat to public welfare as compared to

2   firearms taken outside. . . ."].)  The TPD has important interests in public safety and

3   in reducing the number of concealed weapons in public in order to reduce the risks

4   to those who use the streets and go to public accommodations, as set forth in the

5   Zimring Declaration.[2]  The TPD's policy relates reasonably to those interests

6   because requiring documentation enables the TPD to effectively differentiate

7   between individuals who have a bona fide need to carry a concealed handgun for

8   self-defense and individuals who do not.

9        As recently held by Judge Kronstadt in <u>Birdt v. Beck</u>, 2:10-CV-08377-JAK-

10  JEM, upholding the LASD's CCW policy, California's concealed weapons regime

11  is substantially related to important government objectives.[3]  Limiting the number of

12  concealed firearms in public places strengthens law enforcement and prevents the

13  need for public places – such as restaurants, malls, theaters, and parks – to be

14  equipped with metal detectors, fencing, guards, and other forms of security, in order

15  to protect patrons from unchecked concealed firearms.

16       Judge Kronstadt also held that the numerous exceptions to the ban on carrying

17  loaded weapons – including when a person believes he is in immediate danger or

18  when making a lawful arrest (<u>Cal. Pen. Code</u> §§ 26045(a), 26050 [formerly

19  § 12031(j)(1), (k)]) – ensure California's concealed weapons law is tailored to the

20  safety issues raised by gun violence and does not infringe unnecessarily on the right

21  to use guns in self-defense.  Thus, state concealed weapon laws are substantially

22  related to an important government objective, and survive intermediate scrutiny.

23       Plaintiff's arguments that many violent crimes are committed by people who

24  illegally possess guns, and that there is a dispute over the effectiveness of concealed

25  _____

26  [2]  A copy of Zimring's Declaration is attached to the Thind Declaration as Exhibit
    B, submitted with the TPD's Opposition to Plaintiff's Summary Judgment Motion.

27  [3]  A copy of the Court's Order is attached as Exhibit A to the Thind Declaration,
    submitted with the TPD's Opposition to Plaintiff's Motion for Summary Judgment.

28  It may be cited as precedent.  (Schwarzer, Tashima, & Wagstaffe, <u>Cal. Practice
    Guide: Federal Procedure Before Trial</u> (The Rutter Group 2011) 1:15, p. 1-4.)

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2921242.2 a02/08/12                    -4-

Case No. CV11-06154 SJO (JCx)
TPD'S REPLY TO THOMSON'S OPPOSITION

1 | weapons laws, simply reflect differing opinions within the law enforcement
2 | community regarding the impact of those laws.  Under intermediate scrutiny, the
3 | TPD's policy need not be a perfect empirical fit to the problem of gun violence; it
4 | must merely be "substantially related."  (See United States v. Marzzarella (3d Cir.
5 | 2010) 614 F.3d 85, 98.)  The TPD's policy satisfies that standard because it focuses
6 | on the particular threat posed by concealed weapons.  The variations in the experts'
7 | declarations are simply a reflection of the responsibility that lies with the Legislature
8 | to weigh the effectiveness of concealed weapons laws as a tool to combat violence.
9 | To prevail on its motion, the TPD need not prove that California's approach to
10 | concealed weapons is more empirically sound, that Plaintiff's expert is incorrect, or
11 | that California's approach is otherwise the "correct" one.  Rather, the TPD need
12 | only show a sufficient "fit."  The Legislature's decision in balancing the competing
13 | views will be upheld where, as here, it is substantially related to the important
14 | objectives described.  (Thind Decl., Ex. A [Kronstadt Order], p. 8.)

15 | **4.    The TPD's Exercise Of Discretion Is Not Unconstitutional.**

16 | Plaintiff argues the TPD cannot condition his right to carry concealed on the
17 | grant of a license that officials have discretion to withhold.  That argument relies on
18 | "prior restraint" cases based on the First Amendment's right to free speech, which
19 | are inapposite to a Second Amendment claim.

20 | Plaintiff's opposition, in effect, asks the Court to interpret "good cause" for a
21 | CCW permit to mean "no cause," and to read out language from the state legislative
22 | scheme.  No authority supports such a request.  Accordingly, the TPD's motion for
23 | summary judgment should be granted for all of the reasons set forth in its motion.

Dated:  February 10, 2012                 RUTAN & TUCKER, LLP

By:_____
Robert S. Bower
Attorneys for Defendant
TORRANCE POLICE
DEPARTMENT

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2921242.2 a02/08/12

-5-

Case No. CV11-06154 SJO (JCx)
TPD'S REPLY TO THOMSON'S OPPOSITION