TORRANCE CITY ATTORNEY'S OFFICE
John L. Fellows III (State Bar No. 103968)
City Attorney
jfellows@TorranceCA.gov
Della Thompson-Bell (State Bar No. 224846)
Deputy City Attorney
dthompsonbell@TorranceCA.Gov
3031 Torrance Boulevard
Torrance, CA 90503
Telephone: 310-618-5810
Facsimile: 310-618-5813

RUTAN & TUCKER, LLP
Robert S. Bower (State Bar No. 70234)
rbower@rutan.com
Ajit S. Thind (State Bar No. 268018)
athind@rutan.com
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendant
TORRANCE POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMSON,<br><br>  Plaintiff,<br><br>  vs.<br><br>TORRANCE POLICE DEPARTMENT and THE LOS ANGELES COUNTY SHERIFFS DEPARTMENT,<br>  Defendants. | Case No. CV11-06154 SJO (JCx)<br>Date Action Filed: July 26, 2011<br><br>Assigned to:<br>U.S. District Judge S. James Otero<br><br>**DEFENDANT TORRANCE POLICE DEPARTMENT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF LAWRENCE MUDGETT**<br><br>Motion Hearing Date: Feb. 27, 2012<br>Time: 10:00 a.m.<br>Courtroom: 1 - 2nd Floor<br>Location: Spring Street |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2955611.3 a02/10/12

-1-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
DECLARATION OF LAWRENCE MUDGETT

Defendant TORRANCE POLICE DEPARTMENT ("TPD") hereby objects to the Declaration of Lawrence Mudgett # 15647 LAPD, Retired, submitted in Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendants' Motions for Summary Judgment. (Lewis v. CITGO Petroleum Corp. (7th Cir. 2009) 561 F.3d 698, 704 [it is appropriate to make evidentiary rulings on proposed expert testimony in conjunction with a summary judgment order].)

## EVIDENTIARY OBJECTIONS

| Material Objected to: | Grounds for Objection: | Ruling: |
|---|---|---|
| 1. The Mudgett declaration in its entirety. | **FRE 702. Improper expert opinion.** Mudgett lacks the requisite qualifications to provide expert testimony on issues related to the public policies behind CCW regulation. In Paragraph 1, p. 2, lines 1-4, Mudgett states: "I was the Chief Firearms Instructor for LAPD SWAT for approximately 14 years and the Chief Firearms Instructor at the LAPD Police Academy for 13 years. I am a combat veteran having served in the First Air Cavalry in Vietnam as an Infantry Light Weapons Sergeant." He also states at Paragraph 2, p. 2, lines 5-11: "I am a Utah County Delegate. I recently testified in front of the state legislature in support of a bill to approve the 1911 pistol as the | Sustained: _____ _____ Overruled: _____ _____ |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2955611.3 a02/10/12

-2-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
DECLARATION OF LAWRENCE MUDGETT

| Material Objected to: | Grounds for Objection: | Ruling: |
|---|---|---|
| | official firearm of the state of Utah. I have lectured on the Second Amendment for the 912 Project. I am a Range Master at the famous Gunsite Academy in AZ. My wife and I run a Defensive Firearms Training Program here in Utah and we are NRA instructors. I hold 5 CCW permits. I am certified by the State of Utah as a CFP (Concealed Firearms Permit) instructor. I have testified as an expert witness on firearms and firearms training in Los Angeles Superior Court." Mudgett, however, has no experience or education related to the rationales behind the regulation of concealed weapons or in designing policies, analyzing criminal statistics, or doing any of his own research. For instance, he does not have any expertise in analyzing criminal statistics (or any statistics for that matter), public safety issues, or threats posed by concealed weapons. It is not even clear that Mudgett actually served as a police officer in the field. Although Mudgett might be able testify as an expert on firearms and | |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2955611.3 a02/10/12

-3-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
DECLARATION OF LAWRENCE MUDGETT

| Material Objected to: | Grounds for Objection: | Ruling: |
|---|---|---|
| | firearms training, those issues are not relevant for purposes of this case. (<u>Eagleston v. Guido</u> (2d Cir. 1994) 41 F.3d 865, 874 [expert with sociology degree not qualified to provide testimony on "criminology or domestic violence"].)<br><br>Moreover, all of Mudgett's opinions seem to be based on reading some studies and then summarizing other research. This is also inadequate. (See <u>United States v. Kelley</u> (D. Kan. 1998) 6 F.Supp.2d 1168, 1184 [witnesses' "self-directed efforts at reading reference works, talking with some researchers and growers, and then summarizing the work of others into popular 'how-to guides' fails to provide proffered expert with requisite foundation."].)<br><br>Apart from Mudgett's lack of proper qualifications, he also offers a variety of unsubstantiated and speculative opinions. | |
| 2. Paragraph 3, p. 2, lines 12-18: "I have reviewed the motions for Summary Judgment filed by Plaintiff, Torrance and | **FRE 702. Improper expert opinion.** The expert's testimony does not provide any way for the court to determine its reliability. Mudgett does not explain the methodology by which he reaches this | Sustained:<br>_____<br>_____<br>Overruled:<br>_____ |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2955611.3 a02/10/12

-4-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
DECLARATION OF LAWRENCE MUDGETT

| Material Objected to: | Grounds for Objection: | Ruling: |
|---|---|---|
| LASD, including supporting documents and oppositions. The need to Carry concealed is due only to the decision, of the California legislature to make that the only method of permissible carry having, [sic] otherwise banned the possession of a loaded firearm by law abiding citizens and further, even the possession of an unloaded weapon within 1,000 feet of a school, which is Southern California would make travel nearly an impossible task." | opinion.  Moreover, Mudgett does not have the requisite qualifications to testify on the geographic locations of schools within Southern California.  (Daubert v. Merrell Dow Pharm., Inc. (1993) 509 U.S. 579, 593-94 [court must determine methodology of the expert was applied reliably to the facts of the case]; Stilwell v. Smith & Nephew, Inc. (9th Cir. 2007) 482 F.3d 1187, 1192.)<br><br>**FRE 704.  Improper legal conclusion.** The expert's testimony improperly states a legal conclusion which is not permitted, i.e., the effect of California laws.  Experts cannot give an opinion on their legal conclusions thereby "invading the province of the trial judge." (Nationwide Transport Finance v. Cass Information Systems, Inc (9th Cir. 2008) 523 F.3d 1051, 1058.)  Moreover, as detailed in TPD's Motion for Summary Judgment, Opposition to Plaintiff's Motion for Summary Judgment, and TPD's Reply, Mudgett's legal conclusion is incorrect as set forth in the statutes themselves. | |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2955611.3 a02/10/12

-5-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
DECLARATION OF LAWRENCE MUDGETT

| | Material Objected to: | Grounds for Objection: | Ruling: |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | **FRE 402. Relevance.** | |
| 4 | | The January 2012 California legislative | |
| 5 | | scheme governing weapons is not relevant | |
| 6 | | to this case, as the only relevant timeframe | |
| 7 | | is when Plaintiff's application for a CCW | |
| 8 | | permit was denied by TPD: April 2011. | |
| 9 | | | |
| 10 | | **FRE 602/703. Lack of foundation.** | |
| 11 | | Mudgett states that he "reviewed the | |
| 12 | | motions for Summary Judgment filed by | |
| 13 | | Plaintiff, Torrance and LASD, including | |
| 14 | | supporting documents and oppositions." | |
| 15 | | This is impossible. Mudgett signed his | |
| 16 | | declaration on January 7, 2012. Neither | |
| 17 | | LASD nor TPD had even filed **any** | |
| 18 | | opposition documents yet. In fact, TPD | |
| 19 | | did not file its opposition documents until | |
| 20 | | a month later. | |
| 21 | 3. Paragraph 4, p. 2, lines | **FRE 602/703. Lack of Foundation.** | Sustained: |
| 22 | 19-24: "The reality is 49 | Mudgett does not explain upon what data | _____ |
| 23 | states now recognize the | these statements are based. | _____ |
| 24 | citizens to carry a | | Overruled: |
| 25 | functional, handgun in a | **FRE 702. Improper expert opinion.** | _____ |
| 26 | concealed manner, either | This testimony does not assist the trier of | _____ |
| 27 | by constitutional | fact in determining a factual issue that it | |
| 28 | | | |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2955611.3 a02/10/12

-6-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
DECLARATION OF LAWRENCE MUDGETT

| Material Objected to: | Grounds for Objection: | Ruling: |
|---|---|---|
| amendment, "Shall Issue" system or "Good Cause": 35 states have "shall issue" permit laws that usually require states to issue permits to those who meet legal requirements; 10 others have "may issue" or discretionary permit laws. Vermont, Arizona, Alaska and Wyoming do not require a permit to carry a concealed weapon." | would not be able to determine on its own. Under Daubert v. Merrell Dow Pharm., Inc.(1993) 509 U.S. 579, 593-94, and Kumho Tire Co., Ltd. v. Carmichael (1999) 526 U.S. 137, 141, expert opinion testimony is only appropriate where the trier of fact cannot resolve the factual issue without this specialized assistance. Moreover, it is unclear what Mudgett's testimony means. | |
| 4. Paragraph 5, p. 2, lines 25 – 27: "It is my opinion, based upon my education, training and experience that increased training reduces the risk of accident, injury and misuse of firearms." | **FRE 702. Improper expert opinion.** This testimony does not assist the trier of fact in determining a factual issue that it would not be able to determine on its own. Under Daubert v. Merrell Dow Pharm., Inc.(1993) 509 U.S. 579, 593-94, and Kumho Tire Co., Ltd. v. Carmichael (1999) 526 U.S. 137, 141, expert opinion testimony is only appropriate where the trier of fact cannot resolve the factual issue without this specialized assistance. | Sustained: _____ _____ Overruled: _____ _____ |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2955611.3 a02/10/12

-7-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
DECLARATION OF LAWRENCE MUDGETT

| Material Objected to: | Grounds for Objection: | Ruling: |
|---|---|---|
|  | **FRE 402. Relevance.** The matters asserted are not relevant to the issue before the Court. For instance, anyone can obtain increased training on use of a firearm, regardless of whether they apply for a CCW permit or not. |  |
| 5. Paragraph 6, p. 3, lines 2-7: "According to studies armed citizens kill more criminals in self-defense than our Nations police officers by about 2 to 1. It is my opinion based upon my education, training and experience that criminals tend to fear armed citizens more than they fear Law enforcement Officers and that the increase in the number of citizens who now carry concealed weapons is a significant factor in the distinct and significant | **FRE 602/703. Lack of foundation.** Mudgett has not explained how his experience has led to the conclusion he reaches here, and how that experience is reliably applied to the facts of the case. Mudgett also fails to identify any studies that support his conclusion regarding armed citizens killing more criminals than police officers. Mudgett theorizes, without providing any causal connection evidence, that criminals tend to fear armed citizens more than law enforcement officers, and that that has caused a drop in violent crime each year. (See <u>Sorensen by & Through Dunbar v. Shaklee Corp.</u> (8th Cir. 1994) 31 F.3d 638, 649-651 [testimony regarding causative connection properly excluded because scientific basis too speculative.].) | Sustained: _____ _____ Overruled: _____ _____ |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2955611.3 a02/10/12

-8-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
DECLARATION OF LAWRENCE MUDGETT

| | Material Objected to: | Grounds for Objection: | Ruling: |
|---|---|---|---|
| 2-20 | drop in violent crime each year (according to the FBI statics)." | **FRE 702. Improper expert opinion.** The expert's testimony does not provide any way for the court to determine the reliability of his conclusion that "criminals tend to fear armed citizens more than they fear Law enforcement Officer." Mudgett does not explain the methodology by which he reaches this opinion. Moreover, Mudgett blindly states that his opinion is based on his "education," but has provided no examples of what this education entailed. Without such information the court may not perform its "gatekeeping" role under Daubert v. Merrell Dow Pharm., Inc. (1993) 509 U.S. 579, 593-94, to determine that the methodology of the expert was applied reliably to the facts of the case. (Stilwell v. Smith & Nephew, Inc. (9th Cir. 2007) 482 F.3d 1187, 1192.) | |
| 21-27 | 6. Paragraph 7, p. 3, lines 8-18: "It is my opinion, based upon my education, training and experience that over the last 30 years the availability of concealed | **FRE 702. Improper expert opinion.** This testimony does not assist the trier of fact in determining a factual issue that it would not be able to determine on its own. Under Daubert v. Merrell Dow Pharm., Inc. (1993) 509 U.S. 579, 593-94, and Kumho Tire Co., Ltd. v. Carmichael | Sustained: _____ Overruled: _____ |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2955611.3 a02/10/12

-9-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
DECLARATION OF LAWRENCE MUDGETT

| Material Objected to: | Grounds for Objection: | Ruling: |
|---|---|---|
| carry has increased dramatically from about 10 states to over 49 currently. It is also interesting to note that 4 states now have Constitutional Carry Laws. Wyoming, Alaska, Vermont, and Arizona allow any citizen who is not prohibited from possessing a handgun to carry it concealed. The legislatures of Utah and other states are considering adopting similar law. When considering the success that other states have had with the "shall issue system," we must wonder why LE officials do not believe that the same result would occur in CA. One can only conclude | (1999) 526 U.S. 137, 141, expert opinion testimony is only appropriate where the trier of fact cannot resolve the factual issue without this specialized assistance.<br><br>Mudgett also offers no justification for his conclusion that "shall issue" states have had "success."<br><br>The testimony related to California residents in the last two sentences is argumentative and does not assist the trier of fact in determining a factual issue that it would not be able to determine on its own. Under Daubert v. Merrell Dow Pharm., Inc. (1993) 509 U.S. 579, 593-94, and Kumho Tire Co., Ltd. v. Carmichael (1999) 526 U.S. 137, 141, expert opinion testimony is only appropriate where the trier of fact cannot resolve the factual issue without this specialized assistance. | |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2955611.3 a02/10/12

-10-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
DECLARATION OF LAWRENCE MUDGETT

| Material Objected to: | Grounds for Objection: | Ruling: |
|---|---|---|
| that LE officials must believe that California residents are somehow different that the residents of other states. California residents must be deemed less trustworthy, less restrained, more violent, more prone to commit crimes, etc." | **FRE 402. Relevance.** The testimony and opinion regarding California residents in the last two sentence has no relevance to the issues at hand. | |
| 7. Paragraph 8, p. 3, lines 19-27 – p. 4, lines 1-3: "It is my opinion, based upon my education, training, and experience and being familiar with firearms research, regulation, publications and studies, that there is no correlation between | **FRE 702. Improper expert opinion.** The expert's testimony does not provide any way for the court to determine its reliability. Mudgett does not explain the methodology by which he reaches this opinion. Without such information the court may not perform its "gatekeeping" role under <u>Daubert v. Merrell Dow Pharm., Inc.</u> (1993) 509 U.S. 579, 593-94 to determine that the methodology of the | Sustained: _____ _____ Overruled: _____ _____ |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2955611.3 a02/10/12

-11-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
DECLARATION OF LAWRENCE MUDGETT

| Material Objected to: | Grounds for Objection: | Ruling: |
|---|---|---|
| the issuance of CCW permits and unlawful violence. In fact as a retired law enforcement officer, it has been my experience that criminals do not seek out training or licensing for the purpose of carrying concealed weapons, and CCW permit holders are not in any way likely to increase crime or violence, and among the gun owning population are safer and more likely to reduce the accident rate because of their increased training and awareness. What facts I am aware of indicate that armed and trained citizens reduce crime by their very existence, as criminals do not know which citizens are in fact | expert was applied reliably to the facts of the case. (Stilwell v. Smith & Nephew, Inc. (9th Cir. 2007) 482 F.3d 1187, 1192.)<br><br>**FRE 402. Relevance.**<br>The matters asserted are not relevant to the issue before the Court. For instance, anyone can obtain increased training on use of a firearm, regardless of whether they apply for a CCW permit or not. | |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2955611.3 a02/10/12

-12-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
DECLARATION OF LAWRENCE MUDGETT

| Material Objected to: | Grounds for Objection: | Ruling: |
|---|---|---|
| armed." | | |
| 8. Paragraph 9, p. 5, lines 9-20: "The declaration of Franklin Zimring is not consistent with my knowledge, training or experience. Mr. Zimring expresses theories which are not related to CCW permits and are not consistent with any peer reviewed statistics. By way of example, one of the undisputed facts used by Zimring was the so called fact that 39 percent of people who commit murder had at the time no disqualifying convictions. My first thought is that these were juveniles who commit a good percentage of the crime in Los Angeles. Their juvenile arrests may not be used against them as | **FRE 602/703. Lack of foundation.** Mudgett has not explained how his experience has led to the conclusion he reaches here, and how that experience is reliably applied to the facts of the case. For instance, he does not identify any training or education that gives him any ability to analyze statistics.<br><br>**FRE 704. Improper legal conclusion.** The expert's testimony improperly states a legal conclusion which is not permitted, i.e., that the effect of the denial of a CCW permit is to deny the right of self-defense. Experts cannot give an opinion on their legal conclusions thereby "invading the province of the trial judge." (Nationwide Transport Finance v. Cass Information Systems, Inc.(9th Cir. 2008) 523 F.3d 1051, 1058.) Moreover, as detailed in TPD's Motion for Summary Judgment, Opposition to Plaintiff's Motion for Summary Judgment, and TPD's Reply, this is an incorrect view of the law. | Sustained:<br>_____<br>_____<br>Overruled:<br>_____<br>_____ |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2955611.3 a02/10/12

-13-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
DECLARATION OF LAWRENCE MUDGETT

| Material Objected to: | Grounds for Objection: | Ruling: |
|---|---|---|
| adults and they may comprise a portion of this supposed 39 percent. The second factor is that people who are arrested for serious crimes in LA are often allowed to plea the case down to a far lesser crime and the minor crime is the one they are actually convicted of. These are weaknesses in the criminal, justice system that should not be used, to deny the right of self-defense to law abiding citizens. I find the statistic suspicious in any case." | | |

Dated: February 10, 2012

RUTAN & TUCKER, LLP
ROBERT S. BOWER
AJIT S. THIND

By: /s/ Ajit S. Thind

Ajit S. Thind
Attorneys for Defendant
TORRANCE POLICE DEPARTMENT

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2955611.3 a02/10/12

-14-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
DECLARATION OF LAWRENCE MUDGETT