1 | TORRANCE CITY ATTORNEY'S OFFICE
John L. Fellows III (State Bar No. 103968)
2 | City Attorney
jfellows@TorranceCA.gov
3 | Della Thompson-Bell (State Bar No. 224846)
Deputy City Attorney
4 | dthompsonbell@TorranceCA.Gov
3031 Torrance Boulevard
5 | Torrance, CA 90503
Telephone:  310-618-5810
6 | Facsimile:   310-618-5813

7 | RUTAN & TUCKER, LLP
Robert S. Bower (State Bar No. 70234)
8 | rbower@rutan.com
Ajit S. Thind (State Bar No. 268018)
9 | athind@rutan.com
611 Anton Boulevard, Fourteenth Floor
10 | Costa Mesa, California 92626-1931
Telephone:  714-641-5100
11 | Facsimile:   714-546-9035

12 | Attorneys for Defendant
TORRANCE POLICE DEPARTMENT

13

14 | UNITED STATES DISTRICT COURT

15 | CENTRAL DISTRICT OF CALIFORNIA

16

17 | ROBERT THOMSON,

18 | Plaintiff,

19 | vs.

20 | TORRANCE POLICE DEPARTMENT
and THE LOS ANGELES COUNTY
21 | SHERIFFS DEPARTMENT,
Defendants.

22

23

24

25

26

27

28

Case No. CV11-06154 SJO (JCx)
Date Action Filed:  July 26, 2011

Assigned to:
U.S. District Judge S. James Otero

**DEFENDANT TORRANCE POLICE DEPARTMENT'S EVIDENTIARY OBJECTIONS TO EVIDENCE CITED IN PLAINTIFF'S REPLY BRIEF RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Motion Hearing Date:  Feb. 27, 2012
Time:                          10:00 a.m.
Courtroom:               1- 2nd Floor
Location:                   Spring Street

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2994870.1 a02/10/12

-1-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
PLAINTIFF'S REPLY BRIEF

1       Defendant TORRANCE POLICE DEPARTMENT ("TPD") objects to

2   Plaintiff's Reply Brief in his Motion for Summary Judgment as follows:

3       Plaintiff's Reply Brief sets forth alleged quotes from certain depositions of

4   L.A. County Sheriff Department ("LASD") employees from some unidentified case

5   to which the TPD was not a party.  Plaintiff has not requested that judicial notice be

6   taken of the deposition transcripts from which the statements were purportedly

7   taken, and Plaintiff has not provided the Court or the TPD with certified copies of

8   deposition transcripts to verify that his quotations are accurate.  Moreover, LASD

9   employees are not TPD employees, and thus have no percipient knowledge of the

10  TPD's CCW policy and/or how it is enforced.

11

12  **I.     EVIDENTIARY OBJECTIONS**

13

| Material Objected to: | Grounds for Objection: | Ruling: |
|---|---|---|
| 1. Pg. 3, lines 15-23:<br>"Q. Can you provide any support for how your policy of drastically restricting the issuance of CCW permits prevents violence?<br>A. I -- I think just the -- putting more guns on the street, I think could clearly create much more violence in the County of Los Angeles, and I think we need to restrict the number of weapons that are available on the streets legally. | **FRE 602/702.  Lack of Foundation.**<br>Plaintiff has not provided a certified deposition transcript from which the alleged statements were taken.  Further, an employee of LASD does not have the requisite foundation to testify on policy interests related to TPD's CCW policy.<br><br>**FRE 1002.  Best Evidence Rule.**<br>The best evidence of the purported | Sustained:<br>_____<br>_____<br>Overruled:<br>_____<br>_____ |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2994870.1 a02/10/12

-2-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
PLAINTIFF'S REPLY BRIEF

| | Material Objected to: | Grounds for Objection: | Ruling: |
|---|---|---|---|
| 1 | | | |
| 2 | Q. Last year, how many weapons | contents of any testimony from a | |
| 3 | were stolen from permit holders | deposition is a transcript of the | |
| 4 | outside of their home?.... | deposition itself, which Plaintiff | |
| 5 | A. I don't know. Deposition of | does not provide. | |
| 6 | Larry Waldie Page 25 Line 13-25 | | |
| 7 | Q How does your restrictive | **FRE 801/802/804**. **Hearsay.** | |
| 8 | policy regarding CCW's protect | Plaintiff has made no showing that | |
| 9 | against gun violence in the | Undersheriff Waldie was | |
| 10 | community at large? .... | unavailable for testimony or that | |
| 11 | A. Basically, restricting the | he attempted to depose him in this | |
| 12 | number of weapons that possibly | action.  Further, the testimony | |
| 13 | could get on the street and lead to | cannot be offered against the TPD, | |
| 14 | violent and inappropriate manner. | which was not a party to whatever | |
| 15 | Deposition of Undersheriff | litigation the deposition testimony | |
| 16 | Waldie at page 32, line 22 to page | comes from. | |
| 17 | 33 line 4." | | |
| 18 | | **FRE 402**. **Relevance.** Testimony | |
| 19 | | from a LASD employee on his | |
| 20 | | understanding of policy | |
| 21 | | implications and facts has no | |
| 22 | | relevance to TPD's CCW policy. | |
| 23 | | | |
| 24 | 2. Pg. 4, lines 9-17: | **FRE 602/702**. **Lack of** | Sustained: |
| 25 | "Q Do gang members ever apply | **foundation.** | _____ |
| 26 | for CCW permits from you? | Plaintiff has not provided the | _____ |
| 27 | A They may.  I do not know. | actual deposition transcript. | Overruled: |
| 28 | | | |

Rutan & Tucker, LLP
attorneys at law

2465/062579-0097
2994870.1 a02/10/12

-3-

Case No. CV11-06154 SJO (JCx)
TPD'S EVIDENTIARY OBJECTIONS TO
PLAINTIFF'S REPLY BRIEF