JOHN F. KRATTLI, Acting County Counsel
ROGER H. GRANBO, Assistant County Counsel
JENNIFER A.D. LEHMAN, Principal Deputy County Counsel
(SBN 191477) • jlehman@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1908 · Fax: (213) 626-2105

Attorneys for Defendant
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TORRANCE POLICE DEPARTMENT and THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT,<br><br>　　　　Defendants. | CASE NO. CV 11-06154 SJO (JCx)<br><br>**REPLY IN SUPPORT OF DEFENDANT LASD'S MOTION FOR SUMMARY JUDGMENT/ PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Defendants' Objections to Plaintiff's Evidence; Request for Judicial Notice]<br><br>**MSJ Date:** February 27, 2012<br>Time: 10:00 a.m.<br>Ctrm: 1<br><br>Action Filed: July 26, 2011<br>**Trial Date:** None set |

## INTRODUCTION

The Second Amendment does not confer a constitutional right to carry a loaded concealed weapon in public. The California Legislature has given the Sheriff the discretion to issue concealed weapon permits to qualified individuals who can show good cause, and the LASD's good cause policy has already been found constitutional in the Central District. In this case, Plaintiff failed to show

good cause under the LASD Defendants' policy and his application was denied. It is Defendants, not Plaintiff who should be entitled to summary judgment.

## ARGUMENT

### I. THERE IS NO CONSTITUTIONAL RIGHT TO CARRY A LOADED CONCEALED WEAPON IN PUBLIC UNDER THE SECOND AMENDMENT.

In his Opposition, Plaintiff relies on *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 2788, 2822 (2008). However, *Heller* and *McDonald v. City of Chicago*, 130 S.Ct. 3020, 3026, 3044 (2010) both address an individual's right to possess firearms <u>in the home</u> for self-defense – not to possess loaded concealed weapons in public. As set forth in greater detail in Defendant's moving papers, limitations on the right to carry a concealed weapon in public, as set forth in California Penal Code § 12025(a) and Penal Code § 12031(a) have consistently been upheld against Second Amendment challenges after *Heller*, thereby negating Plaintiff's argument. *People v. Flores*, 169 Cal.App.4th 568, 575-576 (2008); *People v. Yarbrough*, 169 Cal.App.4th 303, 312-314 (2008); *Kachalsky v. Cacace*, 2011 U.S. Dist. LEXIS 99837 (S.D.N.Y. 2011).

### II. THE LASD DEFENDANTS' LICENSING PRACTICES WITHSTAND CONSTITUTIONAL SCRUTINY.

Further, a United States District Court Judge has already found that the LASD's CCW policy is constitutional and does not violate the Second Amendment. (See LASD Request for Judicial Notice, Exh. 1.) In *Jonathan Birdt v. Charlie Beck et al.*, United States District Court Case No. CV 10-08577 JAK, the plaintiff, like Mr. Thomson here, alleged that the LASD's policy violated the Second Amendment because it required documentation of a clear and present danger to the applicant. Judge Kronstadt held that the LASD's good cause definition withstood intermediate scrutiny and was substantially related to an

1  important government objective.[1]  The LASD's policy is no less constitutional in
2  this case.
3         Maintaining public safety and preventing crime are important governmental
4  interests and the regulation of concealed firearms is critical in accomplishing these
5  interests. *McDonald, supra*, 130 S.Ct. at 3126 ("private gun regulation is the
6  quintessential exercise of a State's police power."); *Medtronic, Inc. v. Lohr*, 518
7  U.S. 470, 475 (1996) (noting that States have "great latitude" to use their police
8  powers); *United States v. Morrison*, 529 U.S. 598, 618 (2000) ("there is no better
9  example of the police power than the suppression of violent crime")  As discussed
10 in greater detail in Defendants' moving papers, handguns are unquestionably
11 dangerous and contribute to the majority of criminal cases that result in a person's
12 death.  LASD UF 11-15; see also *Heller, supra*, 554 U.S. at 636 (acknowledging
13 the problem of handgun violence in the U.S.).  (See LASD UF 11-15.)  Unlike
14 possession of a gun for protection within a residence, carrying a concealed firearm
15 presents a recognized "threat to public order," and is "'prohibited as a means of
16 preventing physical harm to persons other than the offender.' [Citation.]"  *People
17 v. Hale*, 43 Cal.App.3d 353, 356 (1974).  A person who carries a concealed
18 firearm on his person or in a vehicle, "which permits him immediate access to the
19 firearm but impedes others from detecting its presence, poses an 'imminent threat
20 to public safety ....' [Citation.]"  *People v. Hodges*, 70 Cal.App.4th 1348, 1357
21 (1999).  Accordingly, throughout California, similar restrictions on CCW permit
22 issuance have been upheld.  See *Peruta v. County of San Diego*, United States
23 District Court Case No. 09 CV-2371, 2010 U.S. Dist. LEXIS 130878 (on appeal
24 to 9th Cir) (San Diego County limitations on CCW permit issuance constitutional);
25 *Richards v. County of Yolo*, 2011 U.S. Dist. LEXIS 51906 (on appeal to 9th Cir.)

---

[1] Mr. Birdt has filed a Notice of Appeal challenging Judge Kronstadt's ruling.

(Yolo County good cause policy constitutional).

Los Angeles County's practices in limiting CCW licenses to those with specific and documented needs is consistent with the compelling and significant legislative goals underlying Penal Code sections 12025 and 12031: the protection of the public from widespread and unchecked public carry of concealed and loaded firearms. LASD's policy creates a balance between the competing Second Amendment interests in self-defense and public safety. The LASD enables those with a clear and present need for self-defense to obtain a concealed weapon permit, so long as they also meet the requirements enumerated in California Penal Code section 12050. The LASD's policy is substantially related to the government's important interest in public safety and concealed weapon control.

Plaintiff offers the declaration of a firearms instructor to support the unconstitutionality of the LASD's policy, which Defendants have objected to. Nonetheless, as Judge Kronstadt noted in finding LASD's policy constitutional:

> [T]o prevail on their motion for summary judgment, Defendants need not prove that California's approach to concealed weapons is more empirically sound, that Plaintiff's expert is incorrect, or that California's approach is otherwise the correct one ... Defendants need only show a sufficient "fit," which they have done. The Legislature's decision in balancing or addressing competing views will be upheld where, as here, it is substantially related to the important objectives described. (RJN, Exh. 1, p.8.)

Defendant LASD has satisfied this showing.

Finally, contrary to Plaintiff's contentions, Plaintiff did and continues to have other avenues to possess a gun without a concealed weapons permit. First,

he could: (1) open-carry or carry concealed a loaded weapon at his place of business and in his home; (Cal. Penal Code §§ 12026, 12031(h), (l); now §§ 25605, 26035); (2) open carry a loaded weapon while making a lawful arrest (§ 12031(k), now § 26050); (3) open carry a loaded weapon if he believed he was in immediate, grave danger and the firearm was needed for his self-defense (§ 12031(j)(1); § 12025.5; now §§ 25600, 26045); and (4) open-carry an unloaded firearm and ammunition ready for instant loading (§ 12031(g)).

In his Opposition, Plaintiff seeks to challenge the new open-carry laws, which came into effect in 2012. However, because these laws were not in effect at the time Plaintiff's application was denied, they are irrelevant. Nonetheless, Options 1-3 above remain open for Plaintiff.

## CONCLUSION

For the foregoing reasons, the LASD Defendants ask that the Court grant their Motion, and deny Plaintiff's Motion for Summary Judgment.

DATED: February 10, 2012          Respectfully submitted,

JOHN F. KRATTLI
Acting County Counsel

By /s/ Jennifer Lehman

JENNIFER A.D. LEHMAN
Principal Deputy County Counsel

Attorneys for Defendant
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT